12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re WAI HA SUN, fka Christianna Wai Ha Sun, Debtor.
WAI HA SUN, fka Christianna Wai Ha Sun, Plaintiff-Appellant,
v.
Theodore J. TICKTIN, Aki Mizushima, Central Realty Ltd.,
Ichizo Nisho, Jerome L. Silpa, and Gerald T. Manpearl,
Bishop Trust Co., Ltd, and Robert H. Tanaguchi, Security
Title Corporation, Defendants-Appellees.
 No. 92-16442.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1993.*
Decided Dec. 16, 1993.
 
 Before: POOLE, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sun worked in a bar owned by Ticktin and Henig. Ticktin died. Henig and Sun (who lived with Henig) claimed interests in the bar. Ticktin's estate sold the bar to Nishio. Since then, Nishio and Ticktin's estate have been in litigation with Sun and Henig. Sun filed adversary proceedings to get ownership of the bar. Nishio filed counterclaims for rent and damages for her interference with their ownership.
 
 
 3
 Sun filed for Chapter 11 bankruptcy reorganization. On the Nishios' motion, the bankruptcy court converted her Chapter 11 bankruptcy into a Chapter 7 liquidation, because of Sun's spectacularly dishonest conduct. The court found that she had tried to introduce as evidence a power of attorney purportedly signed by the dead owner of the bar, with a forged notary's signature on the acknowledgment. She had also made improper transfers of $47,000 and of a glass-bottomed boat, had improperly abandoned a Mercedes and a Jaguar, improperly failed to pay income taxes, and improperly compromised claims with her friend Henig. She was ordered to turn over the records and make a full accounting to the trustee.
 
 
 4
 The bankruptcy court concluded that Sun owned no interest in the bar. After hearing evidence, it found that she deliberately defied the court's orders, so in November of 1990 the bankruptcy court dismissed her bankruptcy case with prejudice, and dismissed her claim against the Ticktin estate and the purchasers of the bar from the estate with prejudice. This order was entered in 1990 in three proceedings: (1) Sun's bankruptcy, Case No. 84-00586; (2) Sun's claim against the Ticktin estate, Adv.Pro. No. 88-0106; (3) Sun's claim against the purchasers of the bar from the estate, Adv.Pro. No. 85-0011. The order did not dismiss the estate's and the purchaser's claims against Sun.
 
 
 5
 Sun appealed the 1990 dismissal to the bankruptcy appeals panel. Her appeal was dismissed, though, because the case in bankruptcy court had not yet gone to final judgment. The counterclaims against Sun by Ticktin's estate and the purchasers (Nishio) remained pending. The interlocutory appeal was dismissed in April of 1991, but neither side did anything in the adversary proceedings between Sun and Ticktin's estate and the purchasers.
 
 
 6
 The bankruptcy court in January 1992 dismissed the adversary proceeding between Sun and the Ticktin estate. The stated ground was that "the main case has been dismissed and the Court did not reserve jurisdiction over this adversary proceeding." Sun appealed again, this time to the district court instead of the bankruptcy appeals panel. She appealed only the dismissal of her adversary proceeding against the Ticktin estate, not the dismissal of her bankruptcy. The district court dismissed her appeal, sua sponte, on the ground that the dismissal of her adversary proceeding "was sustained" on her previous appeal. As appellees concede, this ground was mistaken. The prior appeal was dismissed for lack of jurisdiction, so the order had not been affirmed on the merits.
 
 
 7
 Nevertheless, we may affirm if the district court was correct, even though its stated ground was incorrect. Brewer v. Erwin & Erwin, P.C. (In re Marquam Investment Corp.), 942 F.2d 1462, 1467 (9th Cir.1991). The appellees urge that this was so, because Sun's claims against the Ticktin estate had been dismissed in 1990, so the 1992 dismissal affected only the estate's claims against Sun. Since she was not adversely affected by the 1992 dismissal, they argue that she lacked standing to appeal.
 
 
 8
 We are unable to affirm on this ground. The premise of the argument, that the 1992 dismissal was only of the estate's claim and did not adversely affect Sun, is true. But the conclusion does not follow. Sun has never had an opportunity to appeal the 1990 dismissal of her claim against the Ticktin estate. When she tried, in 1990, the case was not yet ripe for appeal. Only with the dismissal of the counterclaims against Sun did the case become ripe for Sun's own appeal of the earlier dismissal of her claims.
 
 
 9
 Accordingly, the district court order of June 4, 1992 dismissing Sun's appeal of her adversary proceeding against Ticktin's estate, Adv.Pro. 88-0106, Dist.Ct.CIV No. 92-00228 MP, is vacated. The case is remanded to the district court so that it may consider Sun's appeal on the merits.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3